[Civ. No. 10898.   Second Appellate District, Division One.—November 13, 1936.]

JACK RILEY, Appellant, v. PRESS–TELEGRAM PUB-LISHING COMPANY (a Corporation), Respondent.

Erwin P. Werner and Edward Linder for Appellant.

Swaffield & Swaffield, Kenneth Sperry and Joseph E. Madden for Respondent.

SHINN, J., *pro tem.*—Plaintiff appeals from a judgment entered in favor of defendant after an order sustaining a demurrer to the complaint without leave to amend.

Defendant corporation, publisher of a newspaper, is charged with libel in the publication of the following article: "ATTORNEY NAMED LOCAL INHERITANCE LEVY APPRAISER Henry J. Ahrens, Los Angeles, Succeeds Jack Riley in Long Beach.  Appointment of Henry J. Ahrens, attorney, of Los Angeles as State Inheritance Tax Appraiser for the Long Beach District was announced here today.

Ahrens said he had been expecting the appointment and had been informed that his commission had arrived at his home today although he had not yet seen it. The appointment was made by State Controller Ray L. Riley. Ahrens succeeds Jack Riley.''

The complaint alleged that the article was false and unprivileged but did not allege that it was published with malice. ▇ In the article itself and in the allegations of the complaint we find nothing to support a charge of libel. The statement that plaintiff had been succeeded as an inheritance tax appraiser by another had no tendency to expose plaintiff to hatred, contempt, ridicule or obloquy, or to cause him to be shunned or avoided, and therefore, unless the published article had a tendency to injure plaintiff in his occupation, it did not constitute a libel as defined by section 45 of the Civil Code. The complaint alleged that prior to the publication of said article, plaintiff ''was consulted, retained, hired and employed by attorneys, banks, trust companies, land companies and individuals as appraiser and adviser for compensation, and that since the publication of said article, plaintiff had lost the employment of the persons and firms mentioned.'' It was not alleged that this circumstance resulted from the publication of the article, nor did it appear from the complaint that the publication of the article interfered in any manner with the performance of plaintiff's duties as an inheritance tax appraiser or with the compensation derived from such services. As an inheritance tax appraiser, plaintiff could not lawfully receive compensation for official services in addition to that allowed him by law (Deering's General Laws, 1931, Act 8443, sec. 14; Pen. Code, sec. 653½) and it therefore did not appear from the complaint that plaintiff had been injured in his occupation, namely that of an inheritance tax appraiser. It might have been possible for plaintiff to allege that the article had a tendency to injure him in his incidental occupation of private appraiser notwithstanding the fact that he continued to hold the office of inheritance tax appraiser, but if there was any connection between publication of the article and the loss of private employment, such connection cannot be discerned ''in'' the article, nor ''in'' the allegations of the complaint.

Other questions raised by the demurrer need not be decided. The demurrer was properly sustained. Plaintiff announced his intention of standing on the complaint (which had been once amended) and declined to amend. Under these circumstances the court correctly denied the right to amend and gave judgment for defendant.

Judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.